# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **LYDON MCCANN-MCCALPINE**, *et al.*, | * |
| Plaintiffs | * |
| v. | *    Civ. No. MJM-24-2181 |
| **AMPED UP! FAMILY AMPHITHEATRE, LLC**, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM ORDER

Self-represented plaintiff Lydon McCann-McCalpine ("Plaintiff") and his minor children, N.J. and I.J., filed this civil action against Amped Up! Family Amphitheatre, LLC; Briana Shirey and Jane Does 1, 2, and 3 of Baltimore County Family Support Services; and several other defendants. ECF No. 1 (Complaint). On March 20, 2025, the Court entered a Memorandum and Order granting the defendants' motions to dismiss, dismissing the Complaint without prejudice, and setting a deadline for the filing of any amended complaint. ECF Nos. 24 & 25. Plaintiff filed a First Amended Complaint[1] on or about April 17, 2025, containing certain allegations against Briana Shirey and Jane Does 1, 2, and 3 ("Defendants"), and asserting claims for compensatory and punitive damages under 42 U.S.C. § 1983 for alleged violations of the First and Fourteenth Amendments. ECF No. 26.[2] Defendants filed a motion to dismiss the Amended Complaint on May

---

[1] The document is styled as "Motion to leave and amend complaint," but it appears to be a pleading in its entirety rather than a motion. ECF No. 26.

[2] The Amended Complaint does not include any allegations nor specify any claims for relief against any of the other defendants named in the original Complaint.

1

2, 2025. ECF No. 27. The Court issued a notice to Plaintiff advising him that the motion to dismiss had been filed, that he could file a response within 28 days, and that the Court may dismiss the case without further notice if Plaintiff failed to file a timely response. ECF No. 29. Plaintiff did not file a timely response. The Amended Complaint may be dismissed for this reason alone.

The Amended Complaint also fails on the merits. Defendants are alleged to be employees of Baltimore County Family Support Services, a division of Baltimore County Department of Social Services, which is an agency of the State of Maryland. *See* Md. Code Ann., Hum. Servs. § 2-201 (establishing the Department of Human Services as a "principal department of the State"); *id.* § 3-201 (creating local departments referred to as "the department of social services preceded by the name of the county"); COMAR 07.02.01.04 (Baltimore County Family Support Services as a division of the Baltimore County Department of Social Services); *Keller v. Prince George's Cnty.*, 923 F.2d 30, 32 (4th Cir. 1991) (holding local departments of social services are agencies of the State of Maryland.). It is unclear from the face of the Amended Complaint whether Plaintiff is suing Defendants in their official capacities or in their individual capacities. In either case, the Amended Complaint is subject to dismissal.

Insofar as Plaintiff sues Defendants in their official capacities, his claims are barred by Eleventh Amendment immunity. Suits against state officials in their official capacities are, in essence, suits against the state itself. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Amison v. George Mason Univ.*, No. 23-1042, 2023 WL 8946774, at *2 (4th Cir. Dec. 28, 2023) (per curiam) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy,*

2

*Inc.*, 506 U.S. 139, 144 (1993)). "While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. Code, Ann., State Gov't, § 12-101, *et seq*[.], it has not waived its immunity under the Eleventh Amendment to suit in federal court." *Dixon v. Baltimore City Police Dep't*, 345 F. Supp. 2d 512, 513 (D. Md. 2003), *aff'd*, 88 F. App'x 610 (4th Cir. 2004).

Insofar as Plaintiff sues Defendants in their individual capacities, his claims are barred by qualified immunity. The doctrine of qualified immunity "bars § 1983 actions against government officials in their individual capacities 'unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time.'" *Barrett v. Pae Gov't Servs., Inc.*, 975 F.3d 416, 428 (4th Cir. 2020) (quoting *D.C. v. Wesby*, 583 U.S. 48, 62–63 (2018)). Only one of these questions must be resolved in favor of the official for qualified immunity to apply. So, "even if a court finds or assumes that a government official violated an individual's constitutional rights, the official is entitled to immunity so long as the official did not violate clearly established law." *Id.* at 429. The Supreme Court has "emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether an official is alleged to have violated "clearly established" law, courts in the Fourth Circuit "first look to cases from the Supreme Court, [the Fourth Circuit] Court of Appeals, or the highest court of the state in which the action arose." *Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 98 (4th Cir. 2017). Here, Defendants are alleged to have violated Plaintiff's First Amendment rights by enforcing certain rules that restricted his ability to express himself during visitation with his two minor children at the Visitation Center of Baltimore County. Specifically, Plaintiff alleges that Defendants prohibited him from "mak[ing] promises"

to his children. Defendants asserted qualified immunity in their motion. Plaintiff failed to respond to that argument and thus failed to identify any binding authority that "clearly established" rights he claims Defendants violated.

For the foregoing reasons, it is by the United States District Court for the District of Maryland hereby ORDERED that Defendants' Motion to Dismiss the Amended Complaint (ECF No. 27) is GRANTED, and the Amended Complaint (ECF No. 26) is DISMISSED without prejudice. The Clerk SHALL CLOSE this case.

It is so ORDERED this __23rd__ day of January, 2026.

                                                        /s/
                                             Matthew J. Maddox
                                             United States District Judge